----

Ex-PARTE T. E. HOGG.

Sections 2 and 8 of the Act of August 15, 1870, " giving effect to the several " provisions of the Constitution, concerning taxes," which purport to authorize the removal of justices of the peace, by district judges, for causes therein enumerated, are repugnant to Section 17 of Article 12 of the Constitution, which provides that " every law enacted by the Legis- " lature shall embrace but one object, and that shall be expressed in the " title ; " and so far as these sections provide for the removal of justices of the peace by summary proceedings, they are repugnant to Section 24 of Article 5 of the Constitution, which provides the manner· by which county and district officers shall be removed, when their removal is not otherwise provided for.

APPEAL from an order of Hon. M. Priest, sitting as district judge in the county of Cherokee.

There is no occasion for a statement of the facts.

*Wm. M. Walton,* and *S. A. Willson,* for appellant.

*Wm. Alexander, Attorney-General,* for the State.

EVANS, P. J.   This proceeding was based upon Sections 2 and 8 of the Act of 12th Legislature (called session) for the " Assessment and collection of taxes."

Section 2 of this act provides that, " If the justice shall fail " to give the assessment bond required, or shall be proved to be " delinquent, or shall become a habitual drunkard or gambler, he " may be removed by the judge."   Section 8 provides that, " If " he is guilty of any of the acts named, upon information in " writing, or upon the judge's being satisfied that there has been " evident neglect of duty, he may order a summons to issue, ." requiring such justice of the peace to appear before the Dis- " trict Court at the next term thereof ; and after such notice shall " have been served on the justice of the peace for at least ten " days before the return day thereof, the court shall, at the " term to which such summons is returnable, or to which it " may be continued, consider whether there has been evident " neglect of duty or misconduct in office by such justice of the " peace, and if it shall be of opinion that such cause exists, shall " make an order for his removal, and shall forthwith direct an " election to fill the vacancy."

The complaint of the Lieutenant of police charges Hogg with official misconduct as justice of the peace, and not as assessor of taxes ; neither was there any notice served upon Hogg, as required by Section 8, and no opportunity of defense given.

But had the proceedings conformed to the requirements of the statute, the judgment in this case could not be maintained ; for Sections 2 and 8 of this act are repugnant to Section 17, Article 12 of the Constitution, which provides that " every law " enacted by the Legislature shall embrace but one object, and " that shall be expressed in its title."

The object of this act, as expressed in the title, is the Assessment and collection of taxes.   The second and eighth Sections

have for their object the removal of a justice of the peace by a summary proceeding, and the election of a successor to fill the vacancy, which objects, if not inconsistent, are entirely different from the objects named in the title.

Again; so far as these sections provide for the removal of a justice of the peace by a summary proceeding, they are repugnant to Section 24, Article 5, of the Constitution, which declares that " all county and district officers, whose removals " are not otherwise provided for, may be removed on conviction " by a jury, after indictment for malfeasance, nonfeasance, and " misfeasance in office."

The removal from office of a justice of the peace not being otherwise provided for by the Constitution, it follows that they can only be removed " by conviction of a jury, after indictment " for malfeasance, nonfeasance, and misfeasance in office."

The order of the District Court is therefore annulled and dismissed.

Order annulled and case dismissed.